## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Northern Division)

| | |
|---|---|
| VECTOR MEDIA HOLDING CORP.<br><br>Plaintiffs,<br><br>-against-<br><br>SLOCUMB LAW FIRM, LLC, a Maryland limited liability company, and SLOCUMB LAW FIRM, LLC, an Alabama limited liability company.<br><br>Defendants. | Case No. 1:26-cv-00807 |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Vector Media Holding Corp. ("Vector"), as and for its complaint against defendant Mike Slocumb Law Firm, LLC, an Alabama limited liability company ("Slocumb AL") and Mike Slocumb Law Firm LLC, a Maryland limited liability company ("Slocumb MD," together with Slocumb AL, "Slocumb"), alleges as follows:

### Nature of the Action

1.      This is a straightforward breach of contract action based on defendant Slocumb's refusal to pay plaintiff Vector over $456,400 for advertising space and associated production and installation services. Slocumb purchased the advertising space and services, profited from them, and then refused to pay. Vector therefore brings this action to recover amounts it is unquestionably owed by Slocumb.

### Parties

2.      Plaintiff Vector is a Delaware corporation with a principal place of business at 560 Lexington Avenue, 14th Floor, New York, New York, 10022.

13089954-3

3.      Vector provides advertising space to various brands and services on a diversity of media, including, among other things, billboards, buses, and magazines in major markets.

4.      Defendant Slocumb MD is a law firm and Maryland limited liability company with a principal place of business at 401 East Pratt Street, Baltimore, Maryland, 21202. Upon information and belief, Michael W. Slocumb is the sole member of Slocumb MD, and is a citizen of the State of Alabama.

5.      Defendant Slocumb AL is a law firm and Alabama limited liability company with a principal place of business at 1967 East Samford Ave. Auburn, Alabama 36830.  Michael W. Slocumb is the sole member of Slocumb AL, and is a citizen of the State of Alabama.

## Jurisdiction

6.      This Court has subject matter jurisdiction over Vector Media's claims in this action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship as between Vector Media and Slocumb and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Vector Media is a citizen of Delaware and New York, whereas Defendants Slocumb MD and Slocumb AL are both citizens of Alabama.

7.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1) because a substantial part of the events or omissions giving rise to the claim occurred herein.

8.      Personal jurisdiction exists because Slocumb regularly does, or transacts, business in the State of Maryland and because this action arises out of agreements subject to performance within the State of Maryland.

## Factual Background

9.      On or about September 11, 2024, Vector and Slocumb entered into a series of ten written agreements, pursuant to which Vector agreed to place, on Slocumb's behalf, various

2

13089954-3

advertising on transit shelters, light rail car interiors, and buses within the State of Maryland (the "Agreements").

10.     The Agreements provided that, in exchange for those advertising services, Slocumb would pay Vector specified amounts for each advertisement, and that a late charge of 1.5% per month would be charged for any amount not paid within 45 days.

11.     The Agreements also stated that Slocumb is required to reimburse Vector for any reasonable attorney's fees or other costs in the event Slocumb fails to make payments thereunder.

12.     Vector fully and timely performed all of its obligations under the Agreements.

13.     Vector timely submitted invoices for payment due under the Agreements.

14.     Slocumb received such invoices, and at no point objected to or contested the amounts invoiced by Vector.

15.     No such payments were made.

16.     Despite Vector's repeated requests for payment, Slocumb has failed to pay all amounts due and owing.

17.     As a result of Slocumb's breaches, Vector has been harmed in the amount of $456,400, plus attorney's fees, late fees, interest, and costs.

18.     Slocumb's wrongful conduct should not be countenanced.  Vector brings this action seeking redress.

## COUNT I
(Breach of Contract)

19.     Vector repeats and realleges each and every allegation contained above as if fully set forth herein.

20.     The Agreements are valid and enforceable contracts between Vector and Slocumb.

21.     Vector fully and timely performed under the Agreements.

13089954-3

22.     Slocumb, however, materially breached the Agreements by refusing to pay Vector, causing damages of $456,400, plus late fees and interest.

23.     Pursuant to the Agreements, Vector is entitled to recover its reasonable costs and attorney's fees incurred in pursuing this action.

24.     By reason of the foregoing, Slocumb is liable to Vector in the sum of $456,400 in damages, plus attorney's fees, late fees, interest, and costs.

WHEREFORE, Vector respectfully demands judgment against Slocumb as follows:

(a) Awarding Vector actual damages in an amount exceeding $75,000.00, plus late fees and interest;

(b) Awarding Vector additional damages for attorney's fees and costs incurred in connection with this litigation, in an amount to be determined by the Court after a hearing, but believed to be no less than $75,000.00; and

(c) Awarding Vector such other and further relief as this Court may deem just and proper.

## COUNT II
(Unjust Enrichment)

25.     Vector repeats and realleges each and every allegation contained above as if fully set forth herein.

26.     At Slocumb's request, Vector conferred a valuable benefit upon Slocumb in the form of advertising services, from which Slocumb has been unjustly enriched as a result of not paying for such services.  Slocumb appreciated and had knowledge of that benefit.

27.     It is against equity and good conscience to permit Slocumb to retain the benefit of Vector's services without paying for them.

4

13089954-3

28.     By reason of the foregoing, Slocumb is liable to Vector in the sum of $456,400 in damages, plus interest.

WHEREFORE, Vector respectfully demands judgment against Slocumb as follows:

(a) Awarding Vector actual damages in an amount exceeding $75,000.00, plus late fees and interest;

(b) Awarding Vector additional damages for attorney's fees and costs incurred in connection with this litigation, in an amount to be determined by the Court after a hearing, but believed to be no less than $75,000.00; and

(c) Awarding Vector such other and further relief as this Court may deem just and proper.

## COUNT III
(Quantum Meruit)

29.     Vector repeats and realleges each and every allegation contained above as if fully set forth herein.

30.     At Slocumb's request, Vector conferred a valuable benefit upon Slocumb in the form of advertising services with the expectation of being paid.

31.     Slocumb accepted the services knowing that Vector expected to be paid.

32.     Nevertheless, Slocumb has refused to pay Vector.

33.     By reason of the foregoing, Slocumb is liable to Vector in the sum of $456,400 in damages, plus interest.

WHEREFORE, Vector respectfully demands judgment against Slocumb as follows:

(a) Awarding Vector actual damages in an amount exceeding $75,000.00, plus late fees and interest;

13089954-3

(b) Awarding Vector additional damages for attorney's fees and costs incurred in connection with this litigation, in an amount to be determined by the Court after a hearing, but believed to be no less than $75,000.00; and

(c) Awarding Vector such other and further relief as this Court may deem just and proper.

## COUNT IV
(Account Stated)

34.     Vector repeats and realleges each and every allegation contained above as if fully set forth herein.

35.     Vector provided services for Slocumb, including in connection with advertising space for the account and benefit of Slocumb.

36.     Slocumb agreed and promised to pay Vector for that advertising space and services.

37.     Vector rendered invoices totaling $456,400 for the work and services provided.

38.     Slocumb did not object to these accounts stated when billed or thereafter, yet has not paid any of the amounts demanded in the invoices.

39.     Despite demand from Vector, Slocumb has failed to and refuses to pay Vector the foregoing amount.

40.     Accordingly, the parties had an agreement based on previous transactions of a monetary character that all items of the account representing such transactions, and the balance struct, are correct, together with a promise, express or implied, for the payment of such balance.

41.     By reason of the foregoing, Slocumb is liable to Vector in the sum of $456,400 in damages, not including late fees and interest.

WHEREFORE, Vector respectfully demands judgment against Slocumb as follows:

13089954-3

(a) Awarding Vector actual damages in an amount exceeding $75,000.00, plus late fees and interest;

(b) Awarding Vector additional damages for attorney's fees and costs incurred in connection with this litigation, in an amount to be determined by the Court after a hearing, but believed to be no less than $75,000.00; and

(c) Awarding Vector such other and further relief as this Court may deem just and proper.

Date: February 26, 2026

/s/ *David B. Applefeld*
David B. Applefeld (Federal Bar No. 08311)
Telephone: (410) 385-4267
dba@shapirosher.com

/s/ *Patrick J. L. Dillon*
Patrick J. L. Dillon (Federal Bar No. 22119)
Telephone: (410) 385-4270
pjld@shapirosher.com

Shapiro Sher Guinot & Sandler, P.A.
250 West Pratt Street, Suite 2000
Baltimore, Maryland 21201
Facsimile: (410) 539-7611

/s/ *Brian A. Katz*
Brian A. Katz (*pro hac vice* forthcoming)
Telephone: (212) 451-2276
bkatz@olshanlaw.com

/s/ *Joseph B. Weiner*
Joseph B. Weiner (*pro hac vice* forthcoming)
Telephone: (212) 451-2221
jweiner@olshanlaw.com

/s/ *Sahand Farahati*
Sahand Farahati (*pro hac vice* forthcoming)
Telephone: (212) 451-2378
sfarahati@olshanlaw.com

OLSHAN FROME WOLOSKY LLP
1325 Avenue of the Americas
New York, NY 10019
Facsimile: 212.451.2222

*Counsel for Plaintiff Vector Media Holding Corp.*

13089954-3

## DEMAND FOR JURY TRIAL

Plaintiff Vector Media Holding Corp. demands that the above-captioned case and any and all claims set forth therein be tried by a Jury.


Date: February 26, 2026                    /s/ *David B. Applefeld*
                                           David B. Applefeld (Federal Bar No. 08311)

13089954-3